## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| VICKY S. RICKS, and<br>LOUIS RICKS, III,<br><br>      Plaintiffs,<br><br>      v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br>HEALTH AND HUMAN SERVICES<br>SECRETARY BURWELL,<br>DEPARTMENT OF LABOR SECRETARY<br>PEREZ,<br>SONIA MUDD,<br>DANIEL WHEELAND,<br>JERRY LAVIN, and<br>DONNA PHILLIPS,<br><br>      Defendants. | Civil Action No. TDC-15-2822 |

## MEMORANDUM OPINION

Plaintiffs Vicky S. Ricks and her husband Louis Ricks, III ("Plaintiffs") filed suit against Defendants National Institutes of Health ("NIH"), Secretary of Health and Human Services Sylvia Matthews Burwell, Secretary of Labor Thomas Perez, Sonia Mudd, Daniel Wheeland, Jerry Lavin, and Donna Phillips (collectively, "Defendants"). Pending before the Court is Defendants' Motion to Dismiss. The Motion is fully briefed and ripe for disposition. No hearing is necessary to resolve the issues. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

The following facts are presented in the light most favorable to Plaintiffs, the nonmoving parties:

## I.    The Federal Employees' Compensation Act Claim

Louis Ricks ("Ricks") is a maintenance mechanic for the NIH in Bethesda, Maryland.  On April 4, 2015, he suffered an on-the-job injury to his back and right knee while carrying boxes. On April 21, 2015, he filed a claim for compensation under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101-93 (2012), with the United States Department of Labor's Office of Workers' Compensation Programs ("OWCP").   On August 20, 2015, the OWCP issued a Notice of Decision, signed by Claims Examiner Sonia Mudd, denying compensation because it had concluded that Ricks had not shown that the injury was causally related to the April 4 incident.

## II.    Procedural History

Three days before the OWCP issued its decision, Plaintiffs filed suit in the District Court of Maryland for Prince George's County.  The Complaint alleges that Louis Ricks has yet to receive a workers' compensation award to which he is entitled.  On August 31, 2015, Plaintiffs filed two Motions to Amend the Complaint, which the Court now grants.  On September 18, 2015, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1442, which allows for the removal of any action against an officer or agency of the United States "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1) (2012).  The Notice of Removal attached a certification from the United States Attorney for the District of Maryland attesting that Wheeland, Lavin, and Phillips were Louis Ricks's supervisors and are entitled to absolute immunity from the Plaintiffs' tort claims because they were acting within the scope of their employment during the events giving rise to Plaintiffs' claims. *See* 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.4 (2015); *id.* § 50.15(a).

2

On October 8, 2015, Plaintiffs filed a Motion requesting that the Court accept documents with electronic signatures. Included with this Motion were "Amended Pleadings," referencing both FECA and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80 (2012). The Court construes the Motion as seeking leave to amend the Complaint, which the Court now grants.

Also on October 8, 2015, Defendants filed a Motion to Dismiss, arguing that the Complaint should be dismissed for lack of subject matter jurisdiction. Based on the certification by the United States Attorney, Defendants also moved to dismiss Wheeland, Lavin, and Phillips from the action and to substitute the United States in their stead. On October 21, 2015, Plaintiffs filed two documents in response. The first, entitled "Plaintiffs Response to Defendants' Cross Claim / Motion to Dismiss for Lack of Subject Matter Jurisdiction," challenged the proposed dismissal of Wheeland, Lavin, and Phillips. It also alleged that NIH management slandered and defamed Louis Ricks by misclassifying some of Ricks's injury-related absences as "Absent Without Leave." The second filing, bearing the same title as the first but identifying the defendants at issue as the Department of Labor and Mudd, argued against dismissal of the entire case. In this document, for the first time, Plaintiffs accuse Mudd of denying Ricks's FECA claim in retaliation for filing this suit. It alleges that Mudd "made false, misleading and erroneous statements[ when processing, handling and deciding Mr. Ricks['s] claim, which ultimately led to the claim being denied under [a] false and misleading theory." Pls.' Second Resp. to Mot. Dismiss at 2. Plaintiffs also suggest that Mudd "tamper[ed] with evidence." *Id.* at 1. On October 23, 2015, Defendants filed a Reply to Plaintiffs' Responses.[1]

---

[1]   On October 21, 2015, Plaintiffs filed a motion docketed as a "Motion for Removal of Parties from Action," requesting that the Court prohibit entities who are no longer parties to this case

## DISCUSSION

### I.    Motion to Substitute

Defendants argue that the United States should be substituted into the case in place of Wheeland, Lavin, and Phillips, who should be dismissed from the case.  Such a substitution is warranted when the Attorney General has certified that a defendant employee was acting within the scope of employment at the time of the incident in question.  *See* 28 U.S.C. § 2679(d)(1). Defendants note that the United States Attorney has certified that Wheeland, Lavin, and Phillips were acting within the scope of their employment.

Plaintiffs are correct that the filing of the certification does not prevent Plaintiffs from proving that these individuals were not acting in the scope of employment.  *Gutierrez de Martinez v. Drug Enf't Admin.*, 111 F.3d 1148, 1153-55 (4th Cir. 1997).  Plaintiffs were, however, required to come forward with evidence to challenge that certification.  *Id.* at 1155. Instead, Plaintiffs merely assert that the "discretionary conduct" of Wheeland, Lavin, and Phillips harmed Plaintiffs.  Pls.' First Resp. to Mot. Dismiss at 2.  Such "conclusory allegations and speculation" are insufficient to overcome the certification.  *Gutierrez de Martinez*, 111 F.3d. at 1155.  Thus, Defendants' Motion to Substitute is granted.  Wheeland, Lavin, and Phillips are dismissed from the action, and the United States is substituted as a party.

---

from receiving notice of filings.  Because filings are public records and Plaintiffs offer no reason that they should be kept under seal, the Motion is denied.

## II.   Motion to Dismiss

Defendants move to dismiss because (1) the OWCP's denial of FECA benefits is not subject to judicial review; and (2) there is no viable FTCA claim.   For the reasons set forth below, the Motion is granted.

### A.   Legal Standard

The plaintiff has the burden to show that subject matter jurisdiction exists.   *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).   Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing.   When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."   *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

### B.   Federal Employees' Compensation Act

The Complaint asserts that the OWCP wrongfully denied FECA benefits to Louis Ricks. Defendants counter that the Court lacks subject matter jurisdiction to review the OWCP's FECA benefits determination.   "FECA establishes a comprehensive and exclusive workers' compensation program for federal employees."   *Hanauer v. Reich*, 82 F.3d 1304, 1309 (4th Cir. 1996).   FECA commits the United States to compensate any employee who suffers disability or death "resulting from personal injury sustained while in the performance of his duty."   5 U.S.C. § 8102.   The Secretary of Labor has delegated authority to administer the program, including authority to decide whether employees are entitled to compensation, to the Director of the OWCP.   *Id.* § 8145; 20 C.F.R. § 10.1 (2016).

Although there is a "strong presumption that Congress intends judicial review of administrative action," Congress can override that presumption. *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670-73 (1986). FECA clearly expresses Congress's intent to preclude judicial review of federal workers' compensation determinations:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is-
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b); *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 779-80 & n.13 (1985) (identifying 5 U.S.C. § 8128(b) as an "unambiguous and comprehensive" bar to judicial review); *Hanauer*, 82 F.3d at 1307. Narrow exceptions to FECA's bar on judicial review exist for litigants who allege that the agency's benefits decision violated a "clear statutory mandate," *Hanauer*, 82 F.3d at 1307-09, or the employee's constitutional rights, *Lepre v. Dep't of Labor*, 275 F.3d 59, 67 (D.C. Cir. 2001). The Complaint, however, does not identify a statutory provision or constitutional right violated by the OWCP decision. Although Plaintiffs' Second Response accuses OWCP Claims Examiner Sonia Mudd of retaliation, evidence tampering, and making "false, misleading and erroneous statements when processing, handling and deciding Mr. Ricks['s] claim," Pls.' Second Resp. to Mot. Dismiss at 1-2, these allegations do not appear in the Complaint or any of the amendments, and they fail to articulate a statutory or constitutional violation. Plaintiffs' allegation, at bottom, is that they believe that Louis Ricks was entitled to FECA benefits and disagree with the OWCP's decision that he was not. This Court lacks subject matter jurisdiction to review that decision. *See* 5 U.S.C. § 8128(b).

### C.      Federal Tort Claims Act

Plaintiffs also reference a potential violation of the FTCA.   The Complaint and amendments do not set out the basis for Plaintiffs' FTCA claim.  The only hint as to the nature of that claim is contained in the First Response, which asserts that NIH management slandered Louis Ricks by misclassifying some of Ricks's injury-related absences as "Absent Without Leave."  The FTCA enacts a limited waiver of sovereign immunity for certain tort claims against the federal government.  *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484-85 (2006).  That waiver of sovereign immunity does not extend to claims of slander against federal employees.  28 U.S.C. § 2680(h); *Block v. Neal*, 460 U.S. 289, 297 (1983); *Talbert v. United States*, 932 F.2d 1064, 1066-67 (4th Cir. 1991).  The Court thus lacks subject matter jurisdiction over Plaintiffs' FTCA claim.   Moreover, an FTCA claim cannot proceed unless the plaintiff first filed an administrative claim with the agency. 28 U.S.C. § 2675(a).  There is no evidence that Plaintiffs filed such a claim.  Accordingly, Plaintiffs' FTCA claim is dismissed.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Substitute and Motion to Dismiss are GRANTED.  A separate Order shall issue.


Date:  April 29, 2016

THEODORE D. CHUANG
United States District Judge

7